## Mary G. Armstrong v. Douglas Park Building Association.

1. DECREES—*Pro Confesso — Distinctions — Notice.* — A distinction exists between decrees *pro confesso* under the statute for want of appearance, and decrees *pro confesso* for want of an answer after appearance. In the former, there being no one whom the plaintiff can serve with notice, all the necessary proceedings may be *ex parte.*

2. CHANCERY PRACTICE—*Parties in Default.*—A party against whom

a bill has been taken as confessed for want of an appearance can not assign as a cause of error that the proof does not sustain the allegations of the bill. It is a matter of discretion with the court whether it will require evidence to be produced.

3. SAME—*Objections to Decrees.*—A party can not object to a decree entered at his own instance.

4. NOTICE—*Of Proceedings after Default.*—After default for want of an appearance a defendant is not entitled to notice of a reference to, or hearing by the master.

5. SAME—*Of an Application for the Appointment of a Receiver.*—A party in default for want of an appearance is not entitled to notice of an application for an appointment of a receiver.

6. DEFAULT—*Objections to the Master's Finding After.*—After a defendant has been defaulted for want of an appearance, he can not afterward set up that the finding of the master is erroneous, provided it is within the allegations of the bill.

**Mortgage Foreclosure.**—Error to the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 17, 1895.

JOHN G. MANAHAN and CHARLES H. ROBERTS, attorneys for plaintiff in error.

LYMAN M. PAINE, attorney for defendant in error, contended that the plaintiff in error can not complain of any lack of evidence in this record in support of the decree. A party against whom a bill has been taken as confessed, can not assign as a cause of error that the proof does not sustain the allegations of the bill. It is a matter of discretion with the court, under our practice, whether he will require evidence to be produced. Van Valkenburgh v. Trustees, 66 Ill. 104.

Where a bill is taken for confessed, it is left to the discretion of the court whether any proof shall be required in support of the bill, or what part of the bill shall be supported by the proof; and of necessity, what shall be the amount, nature and character of the proof to be produced. With such a discretion vested in the court, it would be absurd to say that the court acted upon insufficient proof. Manchester v. McKee, 4 Gilm. 511.

If it would not be error to make a decree without any proof, it is not easy to comprehend where the error is in

rendering a decree upon insufficient proof. Hummert v. Stempel, 31 Ill. App. 550; Starne v. Farr, 17 Ill. App. 491; Johnson v. Donnell, 15 Ill. 97; Gault v. Hoagland, 25 Ill. 266.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The proceeding in the court below was upon a bill filed by a building association to foreclose a mortgage given to it.

The bill was taken as confessed for want of appearance by the defendant. The cause was referred to a master to take testimony and report. This the master did, and his report being confirmed, a decree was rendered thereon and the mortgaged property being sold in pursuance of the decree, the defendant in error became the purchaser for a sum that left a deficiency of $205.

Several terms after the entry of the decree, plaintiff in error appeared and asked to have the decree set aside, filing affidavits in support of her motion, in which she set up that the master had erred in making his computation and finding of the amount due, and that his finding was not supported by the evidence.

This motion the court overruled.

Plaintiff in error can not complain of any lack of evidence in this record in support of the decree. A party against whom a bill has been taken as confessed for want of an appearance, can not assign as a cause of error that the proof does not sustain the allegations of the bill. It is a matter of discretion with the court, under our practice, whether it will require evidence to be produced.

A distinction exists betwen decrees *pro confesso* under the statute for want of an appearance and decrees *pro confesso* for want of an answer after appearance. In the former, there being no one whom the plaintiff can serve, all the necessary proceedings may be *ex parte*. Daniells' Ch. Pleadings and Practice, 5th American edition, 1175; Van Valkenburgh v. Trustees, 66 Ill. 104.

Plaintiff in error was not entitled to notice of the reference to, or hearing by the master, and can not now set up

that his finding was erroneous, provided it was within the allegations of the bill; that it was, is manifest.

There not having been realized at the sale the amount of the decree, a receiver was appointed to collect rents with which to satisfy the deficiency decree.

Thereupon the defendant below came in and expressed her desire to pay such decree and have the receiver discharged; upon this the court heard evidence and therefrom found that the amount due from her to said building association was $207.54, and the amount due to the receiver was $74.48, and found that she had paid said sums to the building association and the receiver. It would seem that these sums were found by her consent thereto, as she had paid them before the order was made.

The receiver was, therefore, ordered to deliver the premises to the plaintiff in error, and it was ordered that upon such delivery he should be discharged.

Plaintiff in error assigns error upon this finding and order.

The order is not only, apparently one entered at her instance, but can have been prejudicial to her only in the amount found to be due.

She was not directed to do anything; the receiver was alone commanded to act. As to the finding of the amount due, the evidence upon which the finding was made, not having been preserved, it is impossible for us to say that it was erroneous.

Plaintiff in error being in default for want of an appearance, was not entitled to notice of the application for the appointment of a receiver; she did not appear until after he had taken possession of the premises in question, and she seems then to have failed to object to his appointment, but rather to have acquiesced therein by moving for and obtaining a finding as to the amount for the non-payment of which he was holding, and by paying such amount and obtaining an order that he surrender the property to her.

If he failed, or any tenant under him failed, to surrender possession promptly, the order was not thereby made erroneous.

The decree and order of the Circuit Court is affirmed.